IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NADER SHATERIAN, ) | Case No. C-11-920 SC |
| ) | |
| Plaintiff, ) | ORDER RE: MOTIONS |
| ) | |
| v. ) | |
| ) | |
| WELLS FARGO BANK, NATIONAL ) | |
| ASSOCIATION; CAL-WESTERN ) | |
| RECONVEYANCE CORPORATION; and DOES ) | |
| 1-50, inclusive, ) | |
| ) | |
| Defendants. ) | |

On June 10, 2011, the Court denied the motion by Plaintiff Nader Shaterian ("Plaintiff") for a preliminary injunction barring the foreclosure sale of his Mill Valley, California home. ECF No. 52. The Court ordered the Plaintiff and Defendants Wells Fargo Bank, National Association ("Wells Fargo") and Cal-Western Reconveyance Corporation ("Cal-Western") to meet and confer and file a joint statement addressing how the scheduled June 17, 2011 foreclosure sale would affect Plaintiff's pending Motion to Remand and Wells Fargo's pending Motions to Dismiss and to Strike. Id.

The parties have now filed this joint statement. ECF No. 54. The parties inform the Court that on June 16, 2011, Plaintiff filed a Chapter 13 Petition in the U.S. Bankruptcy Court for the Northern District of California, No. 11-12286. This stayed the scheduled foreclosure sale to July 18, 2011.

1    The parties disagree as to the most efficient method for this
2 action to proceed.  Plaintiff argues that the "most efficient and
3 appropriate" is for the Court to grant Plaintiff thirty days' leave
4 to amend his complaint, asserting that "the arguments presented by
5 the parties already provide guidance as to which claims require
6 more specificity, which claims are likely to be preempted, and
7 which claims continue to be viable."  Plaintiff states that he
8 would remove his California Civil Code claims, add new claims, and
9 modify other claims.  This course of action would moot Wells
10 Fargo's Motions to Dismiss and Strike and Plaintiff's Motion to
11 Remand.
12    Wells Fargo asks the Court to postpone any rulings on its
13 Motions to Dismiss and to Strike and instead order the parties to
14 file, in sixty days, an updated joint statement discussing whether
15 and to what extent developments in the bankruptcy action and
16 elsewhere impact the motions pending in this Court.  Wells Fargo
17 argues that granting Plaintiff leave to file an amended complaint
18 now, "prior to ruling on the motions to dismiss and to strike,
19 would result in unnecessary delay."
20    Having considered the parties' statement, the Court rules as
21 follows: The Court GRANTS Plaintiff's request for thirty days'
22 leave to amend his complaint.  Because this ruling renders Wells
23 Fargo's Motions to Dismiss and to Strike and Plaintiff's Motion to
24 Remand moot, the Court DENIES both Motions.  If Plaintiff fails to
25 amend his complaint during this time frame, the Court will dismiss
26 this action WITH PREJUDICE on the basis of Plaintiff's failure to
27 prosecute.
28    This will be the third complaint filed in this action.  Any

**United States District Court**
For the Northern District of California

2

claims dismissed on a subsequent motion to dismiss will be dismissed WITHOUT LEAVE TO AMEND. The Court will only grant additional leave to amend if Plaintiff files a motion under Rule 15(a)(2) of the Federal Rules of Civil Procedure establishing that justice so requires.

Furthermore, the Court puts Plaintiff and his attorney on notice that under 28 U.S.C. § 1927, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." The Court may impose such sanctions sua sponte. <u>Pacific Harbor Capital, Inc. v. Carnival Air Lines, Inc.</u>, 210 F.3d 1112, 1118 (9th Cir. 2000). If Plaintiff makes any frivolous arguments in his amended complaint or pleads any clearly meritless claims, he and his counsel may be subject to sanctions under 28 U.S.C. § 1927, Federal Rule of Civil Procedure 11, the Court's local rules, and the Court's inherent power.

IT IS SO ORDERED.

Dated: July 7, 2011

UNITED STATES DISTRICT JUDGE

3