IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NADER SHATERIAN, ) | Case No. 11-0920 SC |
| ) | |
| Plaintiff, ) | ORDER GRANTING IN PART AND |
| ) | DENYING IN PART |
| v. ) | CAL-WESTERN'S MOTION TO |
| ) | DISMISS |
| WELLS FARGO BANK, N.A.; ) | |
| CAL-WESTERN RECONVEYANCE ) | |
| CORPORATION ) | |
| ) | |
| Defendants. ) | |

## I. INTRODUCTION

Plaintiff Nader Shaterian ("Shaterian") brings this action against Defendants Wells Fargo Bank, N.A. ("Wells Fargo"), and Cal-Western Reconveyance Corporation ("Cal-Western"), challenging the terms of his mortgage and the foreclosure of his home. The Court previously granted in part and denied in part Wells Fargo's motion to dismiss Shaterian's Second Amended Complaint ("SAC"). ECF No. 76 ("Nov. 7, 2011 Order"). Cal-Western now moves to dismiss the only two claims asserted against it in the SAC, claims which remained undisturbed after the Court ruled on Wells Fargo's motion

1  to dismiss.  ECF No. 79 ("MTD").  Cal-Western also moves to dismiss
2  each of the other claims asserted in the SAC.  Cal-Western's motion
3  is fully briefed.  ECF Nos. 81 ("Opp'n"); 82 ("Reply").  Pursuant
4  to Civil Local Rule 7-1(b), the Court finds this motion suitable
5  for determination without oral argument.  For the following
6  reasons, the Court GRANTS in part and DENIES in part Cal-Western's
7  motion to dismiss.

**II.  BACKGROUND**

The Court detailed the background of this dispute in its prior order granting in part and denying in part Wells Fargo's first motion to dismiss and does not repeat that background in full here. Nov. 7, 2011 Order at 1-6.  In short, Shaterian refinanced his home in 2007 through Wells Fargo's predecessor-in-interest, World Savings Bank.  Id.  According to his Deed of Trust, dated August 27, 2007, Shaterian received a $985,000 loan secured by his property.  Cal-Western eventually became the substituted trustee on Shaterian's deed of trust.

At one point, Shaterian could no longer afford his mortgage payments.  In June 2010, he spoke with John H. Kearny ("Kearny"), a Wells Fargo loan adjustment specialist, about the possibility of a loan adjustment.  Later that month Shaterian submitted a completed loan modification application, but it was denied a few weeks later. In August 2010, Kearny informed Shaterian that he could qualify for a loan modification by showing an income of $9,500 per month. Shaterian allegedly increased his income to $15,000 per month by expanding his business and reapplied for the loan modification in

both October and November 2010, but he was rejected for a second and third time.

On October 7, 2010, Cal-Western recorded a Notice of Default which indicated that Shaterian was $60,175.64 in arrears on his mortgage payments. In the declaration filed with the October 2010 Notice of Default, Wells Fargo vice-president Sandra Garza ("Garza") declares that Wells Fargo contacted Shaterian on March 13, 2011, as required by California Civil Code § 2923.5. Shaterian alleges that this declaration was false and that he had not been contacted by anyone from Wells Fargo to assess his financial situation and discuss options, or to arrange a subsequent meeting.

On January 12, 2011, Cal-Western recorded a Notice of Trustee's Sale, setting a sale date of February 1, 2011 for Shaterian's property. Shaterian later filed a Chapter 13 petition in bankruptcy court, staying the scheduled foreclosure sale until July 18, 2011. It is unclear whether the foreclosure sale has yet taken place.

Shaterian commenced this action on January 28, 2011 and filed his SAC on August 5, 2011. The SAC is comprised of ten claims, but only two are asserted against Cal-Western. In Claim 7, Shaterian alleges that Cal-Western and Wells Fargo violated California Civil Code § 2923.5 by attaching the false Garza declaration to the Notice of Default. SAC ¶ 137. Shaterian asserts that Cal-Western and Wells Fargo cannot foreclose on his residence until a valid Notice of Default has been recorded. Id. ¶ 140. In Claim 10, Shaterian seeks declaratory relief concerning a number of allegations in the SAC, including a declaration that Cal-Western

and Wells Fargo have violated California foreclosure laws and cannot proceed with the foreclosure of Plaintiff's home. Id. ¶¶ 166, 169. As the Court construes the SAC, Shaterian's claim for declaratory relief only applies to Cal-Western insofar as it implicates a violation of California Civil Code § 2923.5.

On September 14, 2011, Wells Fargo moved to dismiss each of Shaterian's ten claims. On November 7, 2011, the Court granted in part and denied in part Wells Fargo's motion to dismiss. Nov. 7, 2011 Order. The Court dismissed several of Shaterian's claims, but not the two claims asserted against Cal-Western. Now Cal-Western moves to dismiss these two claims along with the rest of the SAC.

### III. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Bell Atl.

4

Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The allegations made in a complaint must be both "sufficiently detailed to give fair notice to the opposing party of the nature of the claim so that the party may effectively defend against it" and "sufficiently plausible" such that "it is not unfair to require the opposing party to be subjected to the expense of discovery." Starr v. Baca, 633 F.3d 1191, 1204 (9th Cir. 2011).

**IV. DISCUSSION**

The Court DENIES Cal-Western's motion to the extent it seeks to dismiss Claims 1 through 6, 8, and 9. These claims apply only to Wells Fargo and, as such, Cal-Western lacks standing to move to dismiss them. Additionally, Claims 2, 4, 8, and 9 have already been dismissed. The Court GRANTS Cal-Western's motion to the extent it seeks to dismiss claims 7 and 10, the only claims asserted against it.

Claim 7 asserts that Cal-Western violated California Civil Code § 2923.5 by filing a false declaration with the Notice of Trustee's Sale. The statute requires, among other things, "[a] mortgagee, beneficiary, or authorized agent [to] assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." Cal. Civ. Code § 2923.5(a)(2). Cal-Western has no responsibilities under the statute since it is the trustee, not "the mortgagee, beneficiary, or authorized agent." Further, the allegedly false declaration stating that Wells Fargo contacted Shaterian in compliance with the California Civil Code § 2923.5 was submitted by Wells Fargo and made by a Wells Fargo employee.

Shaterian does not allege Cal-Western knew the declaration was false when it was attached to the Notice of Default or that Cal-Western otherwise committed any wrongdoing.[1]  Therefore the Court DISMISSES Claim 7 as it applies to Cal-Western.

The only aspect of Claim 10 which pertains to Cal-Western concerns Shaterian's request for a declaratory judgment that Cal-Western and Wells Fargo have violated California foreclosure laws and cannot proceed with the foreclosure of Shaterian's home.  As Shaterian cannot state a claim against Cal-Western for violations of California foreclosure laws, his claim for declaratory relief against Cal-Western necessarily must fail.  Shaterian argues that Cal-Western must remain in the case because any order postponing the foreclosure sale would be meaningless if it were not directed to Cal-Western, the party conducting the sale.  The Court disagrees.  The beneficiary dictates when the property is clear for sale and any order binding on it would affect the foreclosure sale in its entirety.[2]

**V.    CONCLUSION**

For the foregoing reasons, the Court GRANTS in part and DENIES in part Defendant Cal-Western Reconveyance Corporation's motion to dismiss.  The Court DISMISSES WITH LEAVE TO AMEND Plaintiff Nader Shaterian's seventh and tenth claims, but only as they apply to

---

[1] Addtionally, California Civil Code § 2924(b) provides that "the trustee shall incur no liability for any good faith error resulting from reliance on information provided in good faith by the beneficiary regarding the nature and the amount of the default."
[2] The Notice of Trustee's Sale and Notice of Default indicate that Wells Fargo, as the beneficiary, dictates when the property is to be sold.  See ECF No. 79-1 ("RJN") Exs. 3 ("Not. of Default"), 4 ("Not. of Tr.'s Sale").

6

**United States District Court**
**For the Northern District of California**

Cal-Western.  Shaterian's SAC remains undisturbed in all other respects.  Shaterian shall amend his SAC within thirty (30) days of this Order to include additional factual allegations against Cal-Western, otherwise this case will be dismissed with prejudice as to Cal-Western.  The hearing on Cal-Western's motion to dismiss scheduled for February 10, 2012 is hereby VACATED.  The status conference scheduled for February 10, 2012 is hereby continued to May 4, 2012.

   IT IS SO ORDERED.

   Dated: February 6, 2012                    _____
                                              UNITED STATES DISTRICT JUDGE