IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NADER SHATERIAN, | Case No. 11-0920 SC |
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART CAL-WESTERN'S MOTION TO DISMISS |
| v. | |
| WELLS FARGO BANK, N.A.; CAL-WESTERN RECONVEYANCE CORPORATION | |
| Defendants. | |

## I. INTRODUCTION

Plaintiff Nader Shaterian ("Shaterian") brings this action against Defendants Wells Fargo Bank, N.A. ("Wells Fargo"), and Cal-Western Reconveyance Corporation ("Cal-Western"), challenging the terms of his mortgage and the foreclosure of his home. The Court previously granted in part and denied in part Wells Fargo's motion to dismiss Shaterian's Second Amended Complaint ("SAC"). ECF No. 76 ("Nov. 7, 2011 Order"). Cal-Western now moves to dismiss the only two claims asserted against it in the SAC, claims which remained undisturbed after the Court ruled on Wells Fargo's motion

to dismiss. ECF No. 79 ("MTD"). Cal-Western also moves to dismiss each of the other claims asserted in the SAC. Cal-Western's motion is fully briefed. ECF Nos. 81 ("Opp'n"); 82 ("Reply"). Pursuant to Civil Local Rule 7-1(b), the Court finds this motion suitable for determination without oral argument. For the following reasons, the Court GRANTS in part and DENIES in part Cal-Western's motion to dismiss.

**II. BACKGROUND**

The Court detailed the background of this dispute in its prior order granting in part and denying in part Wells Fargo's first motion to dismiss and does not repeat that background in full here. Nov. 7, 2011 Order at 1-6. In short, Shaterian refinanced his home in 2007 through Wells Fargo's predecessor-in-interest, World Savings Bank. Id. According to his Deed of Trust, dated August 27, 2007, Shaterian received a $985,000 loan secured by his property. Cal-Western eventually became the substituted trustee on Shaterian's deed of trust.

At one point, Shaterian could no longer afford his mortgage payments. In June 2010, he spoke with John H. Kearny ("Kearny"), a Wells Fargo loan adjustment specialist, about the possibility of a loan adjustment. Later that month Shaterian submitted a completed loan modification application, but it was denied a few weeks later. In August 2010, Kearny informed Shaterian that he could qualify for a loan modification by showing an income of $9,500 per month. Shaterian allegedly increased his income to $15,000 per month by expanding his business and reapplied for the loan modification in

1  both October and November 2010, but he was rejected for a second
2  and third time.
3      On October 7, 2010, Cal-Western recorded a Notice of Default
4  which indicated that Shaterian was $60,175.64 in arrears on his
5  mortgage payments.  In the declaration filed with the October 2010
6  Notice of Default, Wells Fargo vice-president Sandra Garza
7  ("Garza") declares that Wells Fargo contacted Shaterian on March
8  13, 2011, as required by California Civil Code § 2923.5.  Shaterian
9  alleges that this declaration was false and that he had not been
10 contacted by anyone from Wells Fargo to assess his financial
11 situation and discuss options, or to arrange a subsequent meeting.
12     On January 12, 2011, Cal-Western recorded a Notice of
13 Trustee's Sale, setting a sale date of February 1, 2011 for
14 Shaterian's property.  Shaterian later filed a Chapter 13 petition
15 in bankruptcy court, staying the scheduled foreclosure sale until
16 July 18, 2011.  It is unclear whether the foreclosure sale has yet
17 taken place.
18     Shaterian commenced this action on January 28, 2011 and filed
19 his SAC on August 5, 2011.  The SAC is comprised of ten claims, but
20 only two are asserted against Cal-Western.  In Claim 7, Shaterian
21 alleges that Cal-Western and Wells Fargo violated California Civil
22 Code § 2923.5 by attaching the false Garza declaration to the
23 Notice of Default.  SAC ¶ 137.  Shaterian asserts that Cal-Western
24 and Wells Fargo cannot foreclose on his residence until a valid
25 Notice of Default has been recorded.  Id. ¶ 140.  In Claim 10,
26 Shaterian seeks declaratory relief concerning a number of
27 allegations in the SAC, including a declaration that Cal-Western
28

1  and Wells Fargo have violated California foreclosure laws and
2  cannot proceed with the foreclosure of Plaintiff's home.  Id. ¶¶
3  166, 169.  As the Court construes the SAC, Shaterian's claim for
4  declaratory relief only applies to Cal-Western insofar as it
5  implicates a violation of California Civil Code § 2923.5.
6     On September 14, 2011, Wells Fargo moved to dismiss each of
7  Shaterian's ten claims.  On November 7, 2011, the Court granted in
8  part and denied in part Wells Fargo's motion to dismiss.  Nov. 7,
9  2011 Order.  The Court dismissed several of Shaterian's claims, but
10 not the two claims asserted against Cal-Western.  Now Cal-Western
11 moves to dismiss these two claims along with the rest of the SAC.

### III. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Bell Atl.

4

1  Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  The allegations made
2  in a complaint must be both "sufficiently detailed to give fair
3  notice to the opposing party of the nature of the claim so that the
4  party may effectively defend against it" and "sufficiently
5  plausible" such that "it is not unfair to require the opposing
6  party to be subjected to the expense of discovery."  Starr v. Baca,
7  633 F.3d 1191, 1204 (9th Cir. 2011).

**IV.  DISCUSSION**

The Court DENIES Cal-Western's motion to the extent it seeks to dismiss Claims 1 through 6, 8, and 9.  These claims apply only to Wells Fargo and, as such, Cal-Western lacks standing to move to dismiss them.  Additionally, Claims 2, 4, 8, and 9 have already been dismissed.  The Court GRANTS Cal-Western's motion to the extent it seeks to dismiss claims 7 and 10, the only claims asserted against it.

Claim 7 asserts that Cal-Western violated California Civil Code § 2923.5 by filing a false declaration with the Notice of Trustee's Sale.  The statute requires, among other things, "[a] mortgagee, beneficiary, or authorized agent [to] assess the borrower's financial situation and explore options for the borrower to avoid foreclosure."  Cal. Civ. Code § 2923.5(a)(2).  Cal-Western has no responsibilities under the statute since it is the trustee, not "the mortgagee, beneficiary, or authorized agent."  Further, the allegedly false declaration stating that Wells Fargo contacted Shaterian in compliance with the California Civil Code § 2923.5 was submitted by Wells Fargo and made by a Wells Fargo employee.

1  Shaterian does not allege Cal-Western knew the declaration was
2  false when it was attached to the Notice of Default or that Cal-
3  Western otherwise committed any wrongdoing.[1]  Therefore the Court
4  DISMISSES Claim 7 as it applies to Cal-Western.
5     The only aspect of Claim 10 which pertains to Cal-Western
6  concerns Shaterian's request for a declaratory judgment that Cal-
7  Western and Wells Fargo have violated California foreclosure laws
8  and cannot proceed with the foreclosure of Shaterian's home.  As
9  Shaterian cannot state a claim against Cal-Western for violations
10 of California foreclosure laws, his claim for declaratory relief
11 against Cal-Western necessarily must fail.  Shaterian argues that
12 Cal-Western must remain in the case because any order postponing
13 the foreclosure sale would be meaningless if it were not directed
14 to Cal-Western, the party conducting the sale.  The Court
15 disagrees.  The beneficiary dictates when the property is clear for
16 sale and any order binding on it would affect the foreclosure sale
17 in its entirety.[2]

## V.  CONCLUSION

20    For the foregoing reasons, the Court GRANTS in part and DENIES
21 in part Defendant Cal-Western Reconveyance Corporation's motion to
22 dismiss.  The Court DISMISSES WITH LEAVE TO AMEND Plaintiff Nader
23 Shaterian's seventh and tenth claims, but only as they apply to

---

[1] Addtionally, California Civil Code § 2924(b) provides that "the trustee shall incur no liability for any good faith error resulting from reliance on information provided in good faith by the beneficiary regarding the nature and the amount of the default."
[2] The Notice of Trustee's Sale and Notice of Default indicate that Wells Fargo, as the beneficiary, dictates when the property is to be sold.  See ECF No. 79-1 ("RJN") Exs. 3 ("Not. of Default"), 4 ("Not. of Tr.'s Sale").

United States District Court
For the Northern District of California

Cal-Western. Shaterian's SAC remains undisturbed in all other respects. Shaterian shall amend his SAC within thirty (30) days of this Order to include additional factual allegations against Cal-Western, otherwise this case will be dismissed with prejudice as to Cal-Western. The hearing on Cal-Western's motion to dismiss scheduled for February 10, 2012 is hereby VACATED. The status conference scheduled for February 10, 2012 is hereby continued to May 4, 2012.

IT IS SO ORDERED.

Dated: February 6, 2012

UNITED STATES DISTRICT JUDGE